UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTOINE BARNES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NAPA STATE HOSPITAL, et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-03731-VKD<br><br>**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A; GRANTING LEAVE TO AMEND** |

　　　　Pro se plaintiff Antoine Barnes, a civil detainee at the Napa State Hospital ("NSH"), filed a complaint under 42 U.S.C. § 1983 against the NSH and "Derek O Nurse." Dkt. No. 9 at 2. This matter was transferred to this Court from the Eastern District of California. Dkt. No. 4. Mr. Barnes' motion for leave to proceed *in forma pauperis* was granted in a separate order. Dkt. No. 12.

**I.　BACKGROUND**

　　　　The following facts are based on the allegations in Mr. Barnes' complaint.

　　　　Mr. Barnes alleges that NHS has denied his rights under the Eighth Amendment, First Amendment, and the Fourteenth Amendment. Dkt. No. 9 at 1. He alleges that he was physically and sexually assaulted during April 2025. *Id.* at 3. He seeks damages and to be released. *Id.* He also states that he is "challenging the penal code 2900.5 in custody credits for time served at Napa State Hospital." *Id.* He attaches copies of formal complaints he filed at NSH in which he asserts that he is "competent to go home free" and "to be released to the streets, per 1st Amendment rights." *Id.* at 6-9.

## II. STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A court must dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In conducting its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed, particularly in civil rights cases. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

## III. DISCUSSION

"Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982). Under the Due Process

Clause of the Fourteenth Amendment, civilly committed persons retain substantive liberty interests, which include at least the right to basic necessities such as adequate food, shelter, clothing and medical care; safe conditions of confinement; and freedom from unnecessary bodily restraint. *Id.* at 315-16.

Mr. Barnes raises serious allegations of physical and sexual assault. However, his current allegations are insufficient to establish a Fourteenth Amendment claim against any named defendant. Specifically, he fails to state facts sufficient to describe each alleged assault or to show how each named defendant was involved in the assault(s) to support his claim that each such defendant is liable. *See Leer*, 844 F.2d at 633. The complaint also fails to describe any injuries Mr. Barnes sustained from the alleged assaults to support a claim for damages. Lastly, even liberally construing the complaint, the Court can discern no First Amendment claim, which may involve the violation of the following rights: freedom of speech, freedom of the press, freedom of religion, freedom of assembly, and the right to petition the government. U.S. Const. amend. I. Mr. Barnes shall be granted leave to amend to attempt to correct these deficiencies and state a cognizable claim under the Fourteenth Amendment and the First Amendment.

If Mr. Barnes wishes to pursue a claim against NSH (in addition to the individual defendants), he may only do so by stating a municipality claim. Local government entities are "persons" subject to liability under 42 U.S.C. § 1983 where an official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).[1] To state such a claim, a plaintiff must allege: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted); *see Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). The complaint states no facts that could support a plausible *Monell* claim against

---

[1] Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. *See Monell*, 436 U.S. at 690.

1   the NSH or any other county entity.  Mr. Barnes shall also be granted leave to amend to correct
2   this deficiency.
3         On the other hand, Mr. Barnes' claims for custody credits and immediate release challenge
4   the constitutionality of his continued confinement rather than conditions thereof.  "Challenges to
5   the lawfulness of confinement or to particulars affecting its duration are the province of habeas
6   corpus." *See Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540
7   U.S. 749, 750 (2004).  States may enact statutes that provide for the "forcible civil detainment of
8   people who are unable to control their behavior and who thereby pose a danger to the public health
9   and safety."  *Kansas v. Hendricks*, 521 U.S. 346, 357 (1997).  The constitutionality of state civil
10  commitment proceedings may be challenged in federal habeas corpus proceedings once state
11  remedies have been exhausted.  *See Nelson v. Sandritter*, 351 F.2d 284, 285 (9th Cir. 1965).
12  Accordingly, in preparing an amended complaint, Mr. Barnes may wish to consider pursuing any
13  claims challenging the constitutionality of his continued commitment in a separate habeas action.

## IV. CONCLUSION

After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court finds that the complaint fails to state any cognizable claim for relief.  Mr. Barnes may file an amended complaint to attempt to correct the deficiencies identified in this order.  An amended complaint must be filed no later than **September 15, 2025**.  The amended complaint must include the caption and civil case number used in this order, Case No. 25-cv-03731 VKD, and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Mr. Barnes must answer all the questions on the form in order for the action to proceed.

Mr. Barnes is advised that the amended complaint will supersede the original complaint, the latter being treated thereafter as non-existent.  *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If Mr. Barnes fails to file an amended complaint in time, or if the amended complaint fails to cure all defects described above, the Court may issue an order reassigning the case to a district

judge with a recommendation that the action be dismissed.

The Clerk of the Court shall include two copies of the Court's form complaint with a copy of this order to Mr. Barnes.

**IT IS SO ORDERED.**

Dated: August 13, 2025

Virginia K. DeMarchi
United States Magistrate Judge